MARTÍNEZ *v.* EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Registrador de la Propiedad de Aguadilla.

No. 117.—Resuelto en junio 11, 1912.

Resuelto por los fundamentos de la opinión del tribunal en el caso No. 5, *Martínez* v. *El Registrador de la Propiedad,* 4 P. R. R., 90.

VIGENCIA DE UN CRÉDITO HIPOTECARIO—DECLARACIÓN HECHA AL MARGEN DE LA INSCRIPCIÓN.—El procedimiento gubernativo o sea una simple instancia dirigida al registrador, sin conocimiento ni audiencia de partes interesadas, no es el procedimiento adecuado para obtener la declaración de la vigencia de un crédito hipotecario que quedó cancelado por consolidación, o sea por reunirse en una misma persona los conceptos de acreedor y deudor.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Víctor P. Martínez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de 28 de mayo de 1897, Don Joaquín Moreno, que ya anteriormente había constituído a favor de Don Víctor Martínez y Martínez hipoteca sobre una finca de su propiedad, sita en el barrio de Guatemala del término municipal de San Sebastián, para asegurar el pago de 4,630 pesos que le adeudaba, amplió dicha hipoteca a la suma de 1,700 pesos con 63 centavos que posteriormente había recibido del mismo Martínez y a 2,000 pesos más para gastos y costas en caso de litigio, habiéndose inscrito aquella escritura el 12 de agosto de 1897 en el Registro de la Propiedad de Aguadilla

al folio 123 vuelto del tomo 7º. de San Sebastián, finca 444 inscripción 4ª.

Posteriormente a la hipoteca de que se deja hecho mérito o sea en 30 de marzo de 1898, se tomó en el mismo registro anotación preventiva de suspensión de anotación de embargo, letra A, sobre la finca hipotecada y otras dos de Don Joaquín Moreno, que el Juzgado de 1ª. Instancia de Mayagüez había decretado para responder de la cantidad de 2,000 pesos con intereses y de 800 más para costas en diligencias de reconocimiento de firma y embargo preventivo seguidas por Doña María Moreno de Ramírez contra Don Joaquín Moreno ante dicho Juzgado.

La anotación de suspensión quedó convertida en definitiva por nueva anotación, letra B.

Años después, por escritura inscrita en el Registro de la Propiedad de Aguadilla con fecha 4 de febrero de 1900 (inscripción 5ª. de la finca 444), el deudor dueño de ella, Don Joaquín Moreno, la adjudicó a su acreedor Don Víctor Martínez en pago del crédito hipotecario que le estaba adeudando, y en dicha inscripción se hizo constar quedaba cancelada la hipoteca por consolidación y afecta solamente la finca a la anotación letra B, adquiriéndola Martínez a título de adjudicación en pago sin condición alguna que limitara las facultades del adquirente, según palabras consignadas en el asiento de inscripción.

Por nota marginal a la inscripción 5ª. de dominio a favor de Don Víctor Martínez, se hizo constar por el registrador en 7 de abril de 1903, que dicha inscripción 5ª. quedaba cancelada por haberse adjudicado la finca a Doña María Moreno de Ramírez en el ejecutivo que en cobro de pesos había seguido contra Don Joaquín Moreno anterior dueño de la misma y haberse ordenado la cancelación por la Corte de Distrito de Mayagüez en resoluciones de 1º. de mayo de 1902 y 5 de marzo de 1903.

En 22 de julio de 1903 fué inscrita en el mismo registro de la propiedad (inscripción 6ª. de la finca 444), la adjudica-

ción de ella a Doña María Moreno de Ramírez por la Corte de Distrito de Mayagüez en auto de 12 de noviembre de 1901 en pago del crédito que le adeudaba Don Joaquín Moreno.

Los hechos expuestos han sido alegados por Don Víctor Martínez y Martínez en instancia que presentó al Registrador de la Propiedad de Aguadilla en 11 de marzo del corriente año y que anteriormente había presentado y retirado, cuya instancia contiene la siguiente súplica:

"Suplico de V. H. Sr. Registrador, proceda a extender la correspondiente nota al margen de la inscripción 4ª. de la referida finca (la descrita en dicha instancia) de incumplimiento de condición suspensiva por haber cesado la suspensión de sus efectos y quedar vigente dicha inscripción 4ª. por las razones expuestas en la nota marginal de 7 de abril de 1902 de la inscripción 5ª. y las demás razones contenidas en la inscripción 6ª. y cuyos efectos quedaron suspendidos en virtud de la anotación letra A e inscripción 5ª., de acuerdo con el artículo 16 de la Ley Hipotecaria 143 y 178 de su Reglamento, la Resolución de la Dirección General de los Registros de la Propiedad y Notariado de España de 28 de junio de 1881 y demás disposiciones aplicables y pertinentes al caso."

El registrador denegó la anterior pretensión por medio de nota que copiada a la letra dice así:

"No admitida la extensión de la nota solicitada en la precedente instancia: 1ª. por no aparecer de la inscripción cuarta de la finca aludida ni de ninguna de las anteriores, la existencia de condición suspensiva alguna de cuyo cumplimiento o incumplimiento dependa la eficacia de la ampliación de hipoteca que motivó dicha inscripción, habiéndose constituído la hipoteca, en todo caso, bajo condición resolutoria; y no pudiendo estimarse como condición suspensiva la anotación de embargo preventivo letra A a favor de Doña María Moreno de Ramírez, como parece deducirse del párrafo tercero de la instancia, no procede la nota de que trata el artículo diez y seis de la Ley Hipotecaria; 2ª. porque la solicitud que previene el artículo 178 del Reglamento Hipotecario, que deberá ser firmada por ambas partes, es para el caso de que proceda la nota de que habla el artículo 143 de la ley si ocurriere cualquiera de los extremos previstos en el párrafo 1º. del artículo 142 de dicha ley, en ninguno de los cuales se encuentra la hipoteca de referencia; 3º. porque la nota prevista en el artículo 143

del reglamento citado, se refiere a la cancelación de anotaciones caso de inscribirse a favor de tercero el derecho que se aseguró por la anotación; 4ª. porque refiriéndose la Resolución de la Dirección de los Registros citada a contratos otorgados bajo condición suspensiva, no es aplicable al caso por el motivo expuesto en el párrafo 1º. de esta nota. No extendiéndose nota preventiva por no estar este caso comprendido en la ley sobre recursos contra las Resoluciones de los Registradores. Aguadilla, a tres de abril de mil novecientos doce. Entre líneas, o incumplimiento.—Vale.—El Registrador, Rafael Tirado Verrier.''

Esa nota ha sido . recurrida por Don Víctor Martínez y Martínez para ante esta Corte Suprema y en virtud de tal recurso está sometida a nuestra consideración.

Los hechos alegados por Martínez al Registrador de la Propiedad de Aguadilla aparecen justificados por la certificación elevada por dicho registrador en cumplimiento de orden de esta corte y son los mismos que sirvieron de fundamento a un recurso de queja que el propio Martínez formuló hace nueve años contra el mismo registrador, solicitando que se declarara nula la cancelación de la inscripción de dominio de la finca de que se trata a su favor y vigente tal inscripción de dominio, cuyo recurso terminó por resolución de veinte de abril de 1903, por la que se dispuso que acudiera Martínez a usar de su derecho donde y como correspondiera, de cuya resolución pidió reconsideración Martínez, volviendo a solicitar que se decretara la nulidad de la cancelación o en su defecto que se dispusiera que la inscripción de la adjudicación de la finca a Doña María Moreno se verificara de conformidad con el artículo 9º. de la Ley Hipotecaria, o sea con el gravamen de la hipoteca constituída por Don Joaquín Moreno a favor de Don Víctor Martínez, pretensiones que el tribunal desestimó en resolución de 27 de junio de 1903, por el fundamento de que la nulidad de las cancelaciones practicadas por los registradores de la propiedad no puede decretarse en la vía gubernativa sino por los tribunales de justicia y en el juicio declarativo correspondiente, y por carecer de compe-.

tencia este Tribunal Supremo para resolver gubernativamente sobre la segunda pretensión de Don Víctor Martínez.

Véase *Martínez* v. *El Registrador de la Propiedad,* 4 P. R. R., 90.

Parécenos que lo que pretende Martínez en su instancia al Registrador de Aguadilla, aunque de una manera embosada, es que se consigne en el registro, mediante la correspondiente nota al margen de la inscripción de su derecho hipotecario sobre la finca de que se trata, la vigencia de dicho crédito hipotecario que según la inscripción 5ª. de dominio de dicha finca a favor de Martínez, quedaba cancelada por consolidación o sea por reunirse en una misma persona los conceptos de acreedor y deudor. Si tal es la pretensión de Martínez, no es posible acceder a ella en la vía gubernativa o sea por medio de una simple instancia, como la expresada, sin conocimiento y audiencia de Don Joaquín Moreno y de Doña María Moreno de Ramírez, de los cuales el primero adjudicó la finca a Martínez en pago de crédito hipotecario, y la segunda tiene inscrito en el registro a su favor el dominio de la misma sin estar afectada o gravada por la hipoteca ya cancelada de Martínez. La instancia de éste no puede prosperar por los propios fundamentos que esta corte tuvo en cuenta al declarar sin lugar en su resolución de 27 de junio de 1903 el recurso de queja interpuesto por Don Víctor Martínez contra el Registrador de la Propiedad de Aguadilla.

Pero atendamos para la resolución en el presente caso a la letra de la súplica de Martínez al pedir se extienda la correspondiente nota de incumplimiento de condición suspensiva al margen de la inscripción de su derecho hipotecario, sobre la finca de Don Joaquín Moreno.

Ese derecho hipotecario no se constituyó bajo condición alguna, de cuyo cumplimiento o incumplimiento dependiera su existencia y por tanto no hay términos hábiles para que se consigne en el registro el incumplimiento de condición suspensiva alguna. Fué adquirido en términos absolutos y su cancelación posterior no se debe a condición alguna inherente

al contrato hipotecario, sino a causas posteriores, cuya eficacia legal no puede ser materia de un recurso gubernativo.

Los textos legales y la resolución que invoca en su instancia el recurrente, no son atinentes al caso, como así lo revela su simple lectura.

Por las razones expuestas, sin perjuicio de los recursos que asistan a Don Víctor Martínez ante la corte de justicia competente y en el juicio correspondiente contra quien o quienes hubiere lugar, procede la confirmación de la nota recurrida de 3 de abril del corriente año.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.